UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

___

| | |
|---|---|
| PYOTR V. SHMELEV, | Civil No. 03-3315 (JRT/SRN) |
| Petitioner, | |
| v. | **ORDER** |
| LYNN DINGLE, Warden,[1] | |
| Respondent. | |

Pyotr Shmelev, #208056, Minnesota Correctional Facility, 970 Pickett Street North, Bayport, MN 55003-1490, petitioner *pro se*.

Jean E. Burdorf, Assistant Hennepin County Attorney, HENNEPIN COUNTY ATTORNEY'S OFFICE, C-2000 Government Center, Minneapolis, MN 55487, for respondent.

Petitioner Pyotr Shmelev was found guilty of intentional second-degree murder in Minnesota state court and was sentenced to 360 months in prison. Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this Court denied on February 11, 2005 based on the recommendation of United States Magistrate Judge Susan Richard Nelson. On February 25, 2005, petitioner filed a motion to alter or amend judgment and a motion for leave to proceed *in forma pauperis*. Subsequently, petitioner filed a motion for certificate of appealability. Also pending in this matter is petitioner's previously filed motion for hearing to resolve disputed factual questions. For the

---

[1] Petitioner was originally incarcerated at Minnesota Correctional Facility-Oak Park Heights, where Lynn Dingle is the Warden. Petitioner has since been transferred to Minnesota Correctional Facility-Stillwater. Therefore, the Court notes that the respondent technically should be Dan Ferrise, the Warden of that facility.

following reasons, the Court grants petitioner's motion to proceed *in forma pauperis* on appeal and denies petitioner's motion to alter or amend judgment, motion for hearing to resolve disputed factual questions, and motion for certificate of appealability.

I.     **Motion to Alter or Amend Judgment**

This Court denied Shmelev's petitioner for writ of habeas corpus because each of his claims was procedurally defaulted at the state level. Petitioner then filed a motion to alter or amend judgment, which the Court construes as having been brought under Federal Rule of Civil Procedure 59, alleging that an error in the Court's Order required its reversal. A Rule 59(e) motion to alter or amend the judgment "serve[s] a limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs.*, 141 F.3d 1284, 1286 (8th Cir. 1998) (citation and internal quotations omitted). "Such motions cannot be used to introduce new evidence, tender new theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id*. (citation omitted).

In its Order adopting the Report and Recommendation of the Magistrate Judge, with respect to petitioner's claim of collusion, the Court stated "Minnesota law provides that once a prisoner has completed his direct appeal, he is precluded from litigating any other claims that could have been raised on appeal, but were not." *Shmelev v. Dingle*, 2005 WL 388608, at *2 (D. Minn. Feb. 11, 2005) (*citing McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (*citing State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976)). As petitioner correctly points out, the Court then stated, erroneously, that the Minnesota Court of Appeals relied on the *Knaffla* rule in refusing to address the merits of

petitioner's collusion claim on appeal. Rather than relying on the firmly established *Knaffla* rule, which addresses claims raised for the first time in a post conviction proceeding, the Minnesota Court of Appeals relied on the equally well-established corollary to the *Knaffla* rule that the Court of Appeals "will generally not consider matters not argued and considered in the district court." *State v. Shmelev*, 2002 WL 31867453, at *1 (Minn. Ct. App. Dec. 24, 2002) (*citing Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996)); *see also State v. Busse*, 644 N.W.2d 79, 89 (Minn. 2002) ("Our general rule is that we will not decide issues that were not raised before the district court."); *State v. Sorenson,* 441 N.W.2d 455, 457 (Minn. 1989) ("Usually, we will not decide issues which are not first addressed by the trial court and are raised for the first time on appeal even if the issues involve constitutional questions regarding criminal procedure."); *State v. Odenbrett*, 349 N.W.2d 265, 269 (Minn. 1984) (declining "to address [a constitutional] issue when it was neither adequately raised nor considered below"); *State v. Kremer*, 239 N.W.2d 476, 478 (Minn. 1976) (applying "the fundamental rule that this court will not decide issues which are raised for the first time on appeal"); *State v. Fitzpatrick*, 690 N.W.2d 387, 392 (Minn. Ct. App. 2004) (stating "because [defendant] raises the issue for the first time in her brief on appeal, we do not review the issue"); *State v. Pinkerton*, 628 N.W.2d 159, 161 (Minn. Ct. App. 2001) ("Generally, this court will not decide an issue that was not raised in the trial court."); *State v. Gullekson*, 383 N.W.2d 338, 340 (Minn. Ct. App. 1986) ("Generally, issues not raised in the trial court, even constitutional ones, will not be addressed on appeal."). The Magistrate Judge also relied on this rule.

As demonstrated by the string of cases cited above, this rule, like the *Knaffla* rule, is firmly established and regularly followed and, thus, is adequate to foreclose this Court's review of petitioner's collusion claim. *Lee v. Kemna*, 534 U.S. 362, 376 (2002). Substitution of the Court's mistaken citation to *Knaffla* with the appropriate state procedural rule, therefore, does not alter the Court's ultimate conclusion that petitioner's collusion claim has been procedurally defaulted and cannot be reviewed by this Court. Accordingly, the Court's previous holding does not amount to manifest error requiring alteration or amendment of the judgment and petitioner's motion must be denied.[2]

## II.    Motion for Hearing to Resolve Disputed Factual Questions

Petitioner argues that he is entitled to an evidentiary hearing to resolve a disputed issue of fact. While the Court "must hold such a hearing if the petitioner has alleged disputed facts which, if proved, would entitle him to habeas relief, . . . the court may deny an evidentiary hearing if such a hearing would not assist in resolving the petitioner's claim." *Newton v. Kemna*, 354 F.3d 776, 785 (8th Cir. 2004) (citations omitted). In other

---

[2] Petitioner also asserts that alteration or amendment of the judgment is necessary because the Minnesota Court of Appeals did not expressly rely on procedural default while addressing the prosecutorial misconduct component of his collusion claim. Contrary to petitioner's assertion, immediately following the language quoted by the petitioner in his memorandum, the Minnesota Court of Appeals stated:

> Shmelev argues that the prosecutor's questions regarding the delay in his confession constitute prosecutorial misconduct because they insinuate that prior to the confession the defense attorney helped Shmelev concoct a story about how he murdered Pedash. Again, the only objections regarding this testimony were on the grounds of relevance, which does not properly support this argument made on appeal. In his memorandum, petitioner raises several other issues, none of which constitute an error of law or fact or present newly discovered evidence.

*State v. Shmelev*, 2002 WL 31867453, at *8. This language clearly demonstrates that the court expressly relied on the procedural default rule in dismissing this portion of petitioner's claim.

words, even if the facts the petitioner seeks to prove are true, the court may deny the request for an evidentiary hearing if those facts would not entitle the petitioner to relief. *Id*.

In this case, the petitioner strenuously objects to the Minnesota Court of Appeals' statement that the wounds to his wife's abdomen were stab wounds and that there were three stab wounds to her abdomen. In light of the extensive evidence of petitioner's guilt found in the record of this case and the exhaustive analysis of petitioner's claims by the Minnesota courts, the Magistrate Judge, and this Court, the Court finds that resolution of this alleged factual dispute would not demonstrate that the state court acted contrary to or unreasonably applied clearly established federal law. *See id.* Therefore, the Court denies petitioner's request for an evidentiary hearing.

### III.   Motion to Proceed *In Forma Pauperis* on Appeal

To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Petitioner is currently incarcerated and has no means of income or any personal assets of financial value. As such, the Court is satisfied that petitioner is financially eligible for IFP status.

Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous.

*Id*. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although the Court remains fully satisfied that petitioner's habeas corpus petition was properly dismissed, the Court is not prepared to rule that his appeal in this matter is legally "frivolous," as that term has been defined by the Supreme Court. Therefore, the Court grants petitioner's application for IFP status on appeal.

## IV. Certificate of Appealability

The Court previously denied petitioner a Certificate of Appealability with respect to his habeas corpus petition, finding that petitioner has failed to make the required substantial showing of a denial of a constitutional right. *Shmelev v. Dingle*, 2005 WL 388608, at *3. The Court finds no reason to revisit this determination and, accordingly, denies petitioner's motion for certificate of appealability.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for Hearing to Resolve Disputed Factual Questions [Docket No. 21] is **DENIED**.

2. Petitioner's Motion to Alter or Amend Judgment [Docket No. 30] is **DENIED**.

3. Petitioner's Motion for Leave to Proceed *In Forma Pauperis* [Docket No. 32] is **GRANTED**.

- 7 -

    4.    Petitioner's Motion for Certificate of Appealability [Docket No. 35] is **DENIED**.

The Clerk of Court is respectfully directed to mail a copy of this Order to the petitioner.


DATED:   May 23, 2005                                                 s/ John R. Tunheim
at Minneapolis, Minnesota.                                   JOHN R. TUNHEIM
                                                                             United States District Judge